1  WO
2
3  **NOT FOR PUBLICATION**
4
5
6  IN THE UNITED STATES DISTRICT COURT
7  FOR THE DISTRICT OF ARIZONA
8

| | |
|---|---|
| In the Matter of: | CV 04-2024-PHX-SRB |
| MCW Brickyard Commercial, LLC;<br>7th and Mill Parking Assessment, LLC, | Nos. 2-02-bk-12581-RTB and<br>2-02-bk-12582-GBN |
| Debtors. | **ORDER** |
| Bank One, N.A., et al., | |
| Appellants, | |
| vs. | |
| MCW Brickyard Commercial, LLC, et al., | |
| Appellees. | |

At issue are motions for attorneys' fees and non-taxable expenses filed by Appellees following the dismissal of an appeal from the United States Bankruptcy Court. In particular, this Order addresses the following motions: Joint Motion for Award of Attorneys' Fees and Related Non-Taxable Expenses filed by all Appellees (Doc. 31); and Motion for Award of Attorneys' Fees and Related Non-Taxable Expenses by Alan Mishkin (Doc. 30)[1]. The parties seeking attorneys' fees also filed memoranda in support of their motions. (Doc. 32, 34, 35, 36, 39.)  The motions request only those costs and fees incurred in connection with the

---

[1] It is unclear why Mishkin filed a separate motion for attorneys' fees given that he joined in the Joint Motion for Attorneys' Fees.

present appeal, including the costs and fees incurred in drafting the present motions.  In all, Appellees seek approximately $115,000 in attorneys' fees and related non-taxable expenses.

## I.  LEGAL STANDARDS AND ANALYSIS

### A.   A.R.S. § 12-341.01

Appellees bring their motions pursuant to Arizona Revised Statutes § 12-341.01 which provides, in relevant part,

> A. In any contested action arising out of contract, express or implied, the court may award the successful party reasonable attorney fees. . . .
>
> B.  The award of reasonable attorney fees pursuant to subsection A should be made to mitigate the burden of the expense of litigation to establish a just claim or a just defense.  It need not equate or relate to the attorney fees actually paid or contracted, but the award may not exceed the amount paid or agreed to be paid.

The Arizona Supreme Court has acknowledged that this statute vests trial courts with broad discretion in assessing attorneys' fees. *Associated Indem. Corp. v. Warner,* 694 P.2d 1181, 1184 (Ariz. 1985) (citations omitted).  The parties do not dispute that this action arose out of an express contract, and that therefore, the requests for attorneys' fees are governed by A.R.S. § 12-341.01.[2]

### B.    Factors Guiding the Court's Discretion

The Arizona Supreme Court has adopted the following six factors to help guide a court's discretion as to whether to award attorney's fees under A.R.S. § 12-341.01.

> 1. The merits of the claim or defense presented by the unsuccessful party.
>
> 2. The litigation could have been avoided or settled and the successful party's efforts were completely superfluous in achieving the result.

---

[2] The underlying facts of this appeal were fully discussed in the Court's Order dated July 18, 2005 (Doc. 29).

       3. Assessing fees against the unsuccessful party would cause an extreme hardship.

       4. The successful party did not prevail with respect to all of the relief sought.

       [5.] [T]he novelty of the legal question presented, and whether such claim or defense had been previously adjudicated in this jurisdiction.

       [6.] [W]hether the award . . . would discourage other parties with tenable claims or defenses from litigating or defending legitimate contract issues for fear of incurring liability for substantial amounts of attorney's fees.

*Associated Indem. Corp.,* 694 P.2d at 1184 (citations omitted). These factors weigh strongly in favor of awarding attorneys' fees to Appellees.

       The first factor asks, in this context, whether the issues on appeal were meritorious. They were not. The vast majority of the appeal took issue with the Bankruptcy Court's factual findings, which were reversible on appeal only upon a showing of clear error. Appellants did not even come close to showing any error in the Bankruptcy Court's factual findings, much less clear error. The only true legal issue on appeal concerned the waivability of A.R.S. § 33-814, but even that issue did not have to be reached because the terms of the Settlement Agreement clearly provided that even assuming the debtors and guarantors could have waived their rights under A.R.S. § 33-814, they did not. The issues presented by this appeal were not meritorious, and this factor favors awarding attorneys' fees to Appellees..

       Second, this appeal could have been avoided. Appellants chose to appeal essentially every aspect of the Bankruptcy Court's ruling, even those aspects which were plainly correct. This factor favors the awarding of fees.

       The third and fourth factors also weigh in favor of awarding attorneys' fees. Appellants have presented no evidence that they would suffer extreme hardship if they are forced to pay attorneys' fees. Also, Appellees have prevailed with respect to all relief sought - they asked for an affirmance of the Bankruptcy Court's Order and they got it.

1	Another factor to consider is whether the appeal involved a novel question of law.
2	While one of the thirteen issues on appeal was novel - whether it is possible for a party to
3	waive the protections of A.R.S. § 33-814 - that issue was, as discussed above, secondary.
4	The terms of the Settlement Agreement were clear: the debtors and the guarantors retained
5	their rights under A.R.S. § 33-814.  The issue of whether a party can waive its rights under
6	A.R.S. § 33-814 comes into play only if that party had actually attempted to waive its rights
7	under that statute.  That was not the case here, and the Court's Order could have resolved the
8	waiver issues solely based on principles of contract interpretation.  Accordingly, this factor
9	does not weigh in Appellants' favor.

10	Finally, the Court cannot see how an award of attorneys' fees would discourage other
11	parties with tenable claims from litigating legitimate contract issues for fear of incurring
12	liability for substantial amounts of attorneys' fees.  Appellants argue that "[i]f banks are
13	sanctioned for using the courts to clarify the legality of their contracts with borrowers, the
14	relationship between borrowers and lenders will suffer."  (Appellants' Opp'n to Mots. for
15	Att'ys Fees at 11.)  First, a very small part of this appeal concerned "clarifying the legality"
16	of the Settlement Agreement - it was primarily about questioning factual determinations by
17	the Bankruptcy Court.  Second, the "legality" of the A.R.S. § 33-814 waiver was an ancillary
18	issue - the language of the Settlement Agreement clearly secured Appellees' rights under
19	A.R.S. § 33-814.  Third, contrary to discouraging the litigation of tenable claims, awarding
20	attorneys' fees in this case would encourage parties to make better choices about the issues
21	they choose to appeal.

22	Appellants argue that because the Bankruptcy Court chose not to award attorneys' fees
23	to Appellees, this Court should do the same because "the Bankruptcy Court was in a unique
24	position to decide whether attorneys' fees should be awarded to mitigate the burden of the
25	expense of litigation . . ." (Appellants' Opp'n to Mots. for Att'ys Fees at 7.)  While it is true
26	that the Bankruptcy Court was in a unique position to assess the propriety of awarding
27	attorneys' fees incurred in connection with proceedings before the Bankruptcy Court, this
28	Court is in the unique position of judging whether attorneys' fees should be awarded to

- 4 -

1 Appellees for the cost of this appeal. Based on its consideration of the factors set forth by
2 the Arizona Supreme Court, the Court feels that Appellees are entitled to attorneys' fees for
3 having to defend this appeal.

### C.  Miscellaneous

Appellants argue that even assuming the Court chooses to award attorneys' fees to Appellees, that award should not include non-taxable costs, as such costs are not recoverable under A.R.S. § 12-341.01. *Ahwatukee Custom Estates Mgmt. Ass'n v. Bach,* 973 P.2d 106, 108 (Ariz. 1999). Appellants are generally correct, as "the cost of direct expenses of litigation" are not recoverable under A.R.S. § 12-341.01. *Id.* at 108 (noting that "[t]he common understanding . . . is that an award for fees should reimburse the attorney . . . for his or her legal training and knowledge as it relates to the legal services rendered to, or on behalf of, a particular client."). Appellees, therefore, are not entitled to recover the cost of, among other things, messenger services, telephone calls, travel expenses and document binding costs. *See CenTrust Mortgage Corp. v. PMI Mortgage Ins. Co.,* 800 P.2d 37, 45-46 (Ariz. App. 1990). However, Appellees are entitled to recoup the costs of computerized legal research and assistance by paralegals and legal assistants. *Ahwatukee Custom Estates Mgmt. Ass'n,* 973 P.2d at 108-09.

Appellants also argue that an award of attorneys' fees should not include the fees and costs Appellees incurred in filing their motions to recover attorneys' fees. The Court disagrees. As the Ninth Circuit has reasoned that, "[i]t would be inconsistent to dilute an award of fees by refusing to compensate an attorney for time spent to establish a reasonable fee." *Kinney v. IBEW,* 393 F.2d 690, 695 (9th Cir. 1991). Appellants point out that *Kinney* did not involve an award under A.R.S. § 12-341.01. While that is true, the logic of that case still applies. The Court believes that it has discretion to include such fees in the ultimate award and, to the extent discussed below, chooses to do so.

### D.  Reasonableness

1  Appellants argue that the attorneys' fees requested are excessive and unreasonable. Appellants point to the fact that Appellees have filed separate briefs despite the fact that their interests in this matter are essentially identical. On this point, the Court agrees with Appellants. There was no reason for Appellees to file separate briefs in response to Appellants' Opening Brief as well as separate briefs on the attorneys' fees issue, especially when the substance of those briefs was virtually identical. If a particular Appellee wished to make a different legal argument from that of the other Appellees, a separate brief would have been warranted. That was, for the most part, not the case here. The Court was forced to read essentially the same brief four times.

Appellants, however, did their share to create extra work. Their Opening Brief had to be stricken, re-organized and re-filed, forcing Appellees to re-organize and re-file their own briefs. Appellants also chose to appeal thirteen issues, most of which were heavily fact intensive and sorely lacking in merit.

The Court has reviewed the hourly rates charged by the respective lawyers for Appellees, and those rates appear reasonable, in light of the complexity of the case and the experience of the particular lawyers. The Court has also reviewed the time each attorney spent on this case, and except as discussed above, those times were reasonable.

**E.  Calculation**

Appellees request $114,812.73 in attorneys' fees and non-taxable costs. Some of the costs, as discussed above, cannot be included in an attorneys' fees award under A.R.S. § 12-341.01. For example, the costs of faxes, photocopies, postage, scanning, teleconferencing, filing fees, transcripts and delivery services are not recoverable under A.R.S. § 12-341.01. *See Ahwatukee,* 973 P.2d at 108-09; *CenTrust Mortgage Corp.,* 800 P.2d at 45-46.

The table below reflects the revised requested amounts following deduction of non-recoverable costs.

|  | Total Amount Requested | Non-Recoverable Costs | Revised Amount Requested |
|---|---|---|---|
| **Mishkin** | $28,950 | $328.09 | $28,621.91 |
| **Lynch** | $29,175.88 | $1,071.88 | $28,104.00 |
| **Claassen, Bill & Joan Was, Bill & Joan Was Family Trust** | $22,132.12 | $252.62[3] | $21,879.50 |
| **Debtors** | $34,554.73 | $1,099.55 | $33,455.18 |
|  |  |  |  |
| **Totals** | $114,812.73 | $2,752.14 | $112,060.59 |

The Court chooses to award Appellees seventy-five percent of the revised requested amount. The reason for the partial award is the duplicative briefs filed by Appellees both in response to Appellants' Opening Brief as well as the requests for attorneys' fees. As discussed above, the Court feels that it was not necessary for parties with very similar interests to file four briefs which were, in most respects, substantively identical. Accordingly, Appellees are awarded their attorneys' fees in the following amounts:

| **Mishkin** | $21,466.43 |
|---|---|
| **Lynch** | $21,078.00 |
| **Claassen, Bill & Joan Was, Bill & Joan Was Family Trust** | $16,409.63 |
| **Debtors** | $25,091.39 |
|  |  |
| **Total** | $84,045.44 |

---

[3]Exhibit Two to the Declaration of David P. Brooks filed in support of his motion for attorneys' fees (Doc. 33) lists $252.62 as the sub-total for "legal courier charge and online legal research." Legal courier charges are not recoverable under A.R.S. § 12-341.01, but online legal research charges are. Because this aspect of the exhibit does not separate the recoverable expenses from the non-recoverable, the Court will not allow counsel to recover any portion of the $252.62.

- 7 -

**IT IS ORDERED** granting in part and denying in part the Joint Motion for Award of Attorneys' Fees and Related Non-Taxable Expenses (Doc. 31).

**IT IS FURTHER ORDERED** granting in part and denying in part Alan Mishkin's Motion for Award of Attorneys' Fees and Related Non-Taxable Expenses (Doc. 30).

**IT IS FURTHER ORDERED** granting in part and denying in part the Motion for Attorneys' Fees and Amended Motion for Attorneys' Fees filed by Appellee Edwin Lynch (Doc. 36, 39).

**IT IS FURTHER ORDERED** that the Clerk of the Court enter judgment in favor of Appellee Ted Claassen, Bill and Joan Was and the Bill and Joan Was Family Trust and against Appellants in the amount of $16,409.63.

**IT IS FURTHER ORDERED** that the Clerk of the Court enter judgment in favor of Appellee Alan Mishkin and against Appellants in the amount of $21,466.43.

**IT IS FURTHER ORDERED** that the Clerk of the Court enter judgment in favor of Appellee Edwin Lynch and against Appellants in the amount of $21,078.00.

**IT IS FURTHER ORDERED** that the Clerk of the Court enter judgment in favor of Appellees MCW Brickyard Commercial LLC and 7th and Mill Parking Assessment LLC and against Appellants in the amount of $25,091.39.

DATED this 6th day of December, 2005.

_____
Susan R. Bolton
United States District Judge